MERCHANTS BANK & TRUST CO. *et al. v.* MISSISSIPPI BANK
*et al.*

[66 South. 537.]

DISMISSAL AND NON-SUIT. *Death of complainant. Wrongful dismissal.
    Reinstatement.*
    Upon the death of complainant, the only way in which a suit can be
    rightfully dismissed, in the absence of a party legally entitled
    to represent him, is by a proceeding under either section 2093,
    or the last clause of section 724, of the Code 1906, or under
    some other section of the Code dealing with the dismissal of
    such a cause, if such there be, and if this is not done the dis-
    missal will be set aside, and the case reinstated and revived.

APPEAL from the chancery court of Hinds county.
HON. P. Z. JONES, Chancellor.

A bill by the Mississippi National Bank and Jacob
Bernheimer, against the Merchants Bank and Trust Com-
pany, and others, was dismissed, and Sidney Bernheimer
and others petitioned that the dismissal be set aside and
the cause reinstated and revised. A demurrer to the
petition was overruled and the defendants appeal.

The facts are fully stated in the opinion of the court.

*Wells, Mays & Sanders,* for appellant.

*J. McC. Martin* and *R. H. Thompson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The original bill in this case was filed in 1906 against
appellants upon a debt claimed to be due to complainants,
Mississippi Bank and Jacob Bernheimer, doing business
under the name of S. Bernheimer & Sons. In June, 1912,
this bill was dismissed by the following order, entered
upon the minutes of the court below:

"Uppon proper motion this cause is hereby dismissed,
and the defendant shall go hence without day. Com-

plainants shall pay the costs, to be taxed, for which execution may issue as at law.''

This order was not based upon any motion or other preliminary proceeding. At the May term 1913, Sidney Bernheimer and Carrie Scharff filed a petition in the court below, alleging that Jacob Bernheimer was dead when this order of dismissal was entered; that they were the executor and executrix of his last will and testament; and prayed that this order of dismissal be set aside, the cause reinstated and revived in their names as executor and executrix, etc. The petition further alleged that after the institution of the suit, and prior to the death of Jacob Bernheimer, he acquired the interest of the Mississippi National Bank in a cause of action set forth in the original bill, and became thereby the sole owner of the debt sought to be collected. A demurrer was interposed to this petition, overruled and an appeal granted to settle the principles of the cause.

Appellants' contention is that it was not necessary to revive this cause upon the death of Jacob Bernheimer, but that it could have been proceeded with under the first clause of section 724 of the Code in the name of the surviving complainant. This may be conceded to be true, and still it is no answer to the question here under consideration. The suit was not proceeded with after the death of Bernheimer in the name of the surviving complainant, but was summarily dismissed. Upon the death of a complainant, the only way in which a suit can be rightfully dismissed, in the absence of a party legally entitled to represent him, is by a proceeding under either section 2093, of the last clause of section 724, or under some other section of the Code dealing with the dismissal of such a cause, if such there be, which was admittedly not done in the cause at bar. The only jurisdiction which courts can exercise over the affairs of the dead is in the manner expressly provided by law. The relief sought by this petition is somewhat analogous to that which

courts at law render upon a writ of error *coram nobis*, and one of the grounds for the issuance of such a writ is the death of a party to an action before judgment. No error was committed in overruling the demurrer.

Affirmed and remanded, with leave to appellants to answer within thirty days after mandate filed in the court below.

*Affirmed and remanded.*